CHARLES G. JUDEN, ALEXANDER GIBONEY JUDEN, SALLY VIRGINIA JUDEN REED, AND CHARLES ANDREW JUDEN, RESPONDENTS, v. CLARENCE L. GRANT AND NAT M. SNIDER, APPELLANTS.—88 S. W. (2d) 231.

St. Louis Court of Appeals.   Opinion filed December 3, 1935.

*J. Grant Frye* for appellant.

*Giboney Houck, W. E. Coffer,* and *Brandom Hope,* for respondents.

4

BECKER, J.—This is a suit for an injunction which was brought by plaintiffs, the owners of certain real estate located in Cape Girardeau county, to restrain and enjoin defendants, in their respective capacities of collector of revenue and sheriff of said county, from further attempting and proceeding to sell plaintiffs' said real estate under a certain special execution issued upon a judgment theretofore rendered by the Cape Girardeau Court of Common Pleas against the

plaintiffs herein in a suit for delinquent taxes. The appeal is by the defendants from the judgment of the court awarding plaintiffs a permanent injunction.

Perhaps the issues now involved on this appeal will be made more easy of comprehension if we state the history of the case in chronological order.

. On December 31, 1928, the county collector instituted an action against the respondents herein as the joint owners of seven separate tracts of land in Cape Girardeau county to collect certain alleged delinquent taxes upon the same. The real estate was described in the petition by official survey, and in due time respondents filed their answer in said suit, admitting the ownership of certain real estate in the county, but denying that the petition contained a correct description of the real estate as required by law.

The respondents made no further appearance in the tax suit; and on January 4, 1930, judgment was rendered against them for the sum of $962.55, representing taxes, fees, and costs, the judgment as entered simply reciting that the cause was dismissed as to three, and entered as to four, of the tracts of land upon which taxes had been alleged to be delinquent.

On July 8, 1931, a special execution was sued out on the above judgment, pursuant to which the sheriff levied upon and began proceedings looking to the sale of the real estate in question. However, on August .3, 1931, before a sale had taken place, respondents instituted the present suit for an injunction to restrain appellants from any further proceedings under said execution and levy, the suit being based upon the idea that the judgment in the tax suit, by reason, among other things, of the inadequacy of the description of the real estate against which the judgment had gone, was insufficient to support the levy and sale under the execution.

Upon the filing of the petition in the injunction suit, the court ordered that a temporary injunction issue against appellants as prayed, enjoining them from advertising for sale or selling or in any way attempting to sell the real estate in question under and by virtue of the judgment in the tax suit and the special execution theretofore issued thereon.

Now as a matter of fact the judgment entered in the tax suit had been patently irregular and insufficient when measured by the requirements of section 9956, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 9956, p. 8000), which prescribes specifically what the formal recitals of a judgment in a suit for back taxes shall be; and recognizing this fact, the collector, after the institution of the present injunction suit, filed in the tax suit his motion for an order *nunc pro tunc* to correct the defective judgment rendered therein as respects the description of the real estate upon which taxes were delinquent. After

a hearing before the court, his motion was denied, from which order and decision he duly prosecuted his appeal to this court, wherein, on June 7, 1932, the order of the lower court was reversed and the cause remanded for further proceedings upon the motion for an order *nunc pro tunc* not inconsistent with the views expressed in this court's opinion. [State ex rel. v. Juden (Mo. App.), 50 S. W. (2d) 702.]

What this court held, in substance, was that inasmuch as the statute directs what the judgment in a tax suit shall be, it was to be presumed that the judgment rendered by the court therein was such a judgment as only could have been rendered by it; that the insufficient judgment rendered was therefore to be attributed to the mistake or misprision of the clerk; and that from the showing contained in the judge's minutes the judgment should be corrected so that the tracts of land against which the judgment for delinquent taxes had gone might be described in the judgment conformably with the descriptions of the same contained in the petition. It should be borne in mind, however, that this court was not called upon and did not purport to say in its opinion whether the descriptions of the land as contained in the original petition were defective or not, the validity of such a judgment not being then before the court, but simply ruled that the judgment should be corrected upon the showing from the judge's minutes so as to include the description of the land as they appeared in the petition in the case, and so to conform, as to matters of form at least, with the requirements of the statute.

Following the receipt of our mandate, the court on December 29, 1932, sustained the motion for an order *nunc pro tunc* and corrected the judgment so that it was at least sufficient as to form, though incidentally respondents are contending that even as corrected it is still invalid and unenforceable because of the insufficiency of the descriptions of the tracts of land along with what they claim to be other defects in it. It is to be borne in mind, however, as we shall presently have occasion to point out in some detail, that the sufficiency of the judgment, even as corrected, is actually not an issue on this appeal, the present suit having been filed more than a year before the date of the entry of the corrected judgment, and relating wholly to proceedings had under an execution sued out on the judgment as it stood prior to its correction.

It appears that after the issuance of the temporary injunction and during the pendency of the appeal to this court from the lower court's refusal to sustain the motion for an order *nunc pro tunc* to correct the judgment in the tax suit, the instant cause was continued from term to term by agreement of the parties until April 13, 1934,

when appellants filed their amended answer upon which the case was tried.

In such answer, appellants, after referring to all the proceedings had in the tax suit from the time of its institution until the time of the correction of the judgment *nunc pro tunc*, set up that the judgment as corrected was then full and complete as of the date of its original entry, and that the full amount thereof was still due and owing. They further denied that injunction was a proper remedy for respondents to assert; and they prayed that the temporary injunction theretofore issued be dissolved, and that they might have judgment for the damages to which they had been put because of the issuance thereof.

It is important to note that in the course of such answer, when referring to the issuance of the execution of July 8, 1931, and the levy thereunder, appellants expressly admitted "that said execution has been withdrawn with consent of these defendants and they are not contesting that particular execution and levy." Such admission in the answer is of significance because of respondents' contention, which will presently appear, that this appeal is really upon a mooted question, the suit for an injunction having been directed solely to the execution of July 8, 1931, and proceedings had pursuant thereto, and the same having been concededly withdrawn and abandoned with the consent of appellants long prior to the entry of the judgment herein. Thus not only did the answer itself so admit, but also during the trial of the case appellants' attorney testified that the original execution which was being attacked in this suit had been withdrawn by agreement of the parties at the time this proceeding was begun.

Following the filing of such amended answer, respondents replied in the conventional form, and also filed their motion praying the court to make the temporary injunction permanent. Appellants thereupon filed their motion to dissolve the temporary injunction, and upon the issues as thus made up the causes in due course came on to be heard.

On April 27, 1934, the court entered its judgment in the cause, adjudging that the temporary injunction theretofore granted was made permanent to the extent that appellants were forever enjoined from selling or in any way attempting to sell respondents' real estate under and by virtue of any special execution and levy based upon the judgment in the tax suit as originally entered on January 4, 1930, but specifically providing that such injunctive order should in no way affect the judgment as corrected *nunc pro tunc* on December 29, 1932, nor be so construed as to enjoin appellants from proceeding to sell the real estate or collect the judgment by virtue of any special execution issued on the judgment as corrected.

It is from such judgment granting the permanent injunction that appellants have prosecuted their appeal to this court.

They make the point and argue at some length that there was no equity in respondents' bill and that upon the entire record in the cause the permanent injunction should not have been granted, but in the view we take of the case appellants have no present cause to complain. This for the reason, as we have already indicated, that the only matters at issue in this proceeding have long since been adjusted by agreement and consent of the parties, and that the judgment of the court awarding the permanent injunction actually does no more than conform to such agreement.

It is a very elemental principle of law and legal procedure that the existence of an actual controversy is an essential prerequisite to the assumption of appellate jurisdiction, and that abstract or moot questions disconnected from the granting of actual and practical relief will not be determined by an appellate court. [Fugel v. Becker (Mo. Sup.), 2 S. W. (2d) 743.]

In this instance it is to be kept in mind that the injunction suit now before the court was filed on August 3, 1931, and constituted an attack by respondents solely upon the execution theretofore sued out on July 8, 1931, as well as upon the levy and further proceedings thereunder, all of which antedated by more than a year the correction of the judgment *nunc pro tunc* on December 29, 1932. Following the correction of the judgment *nunc pro tunc*, no amended petition was filed, and so respondents, in asking for injunctive relief, cannot be held to have raised any issue to be determined in this proceeding regarding the validity of the judgment as corrected.

The execution of July 8, 1931, was the only execution which was issued on the judgment in the tax suit, and the enforcement of such execution and the sale of the property pursuant to the sheriff's levy thereunder, was all that was enjoined by the judgment appealed from awarding the permanent injunction. However, such execution had theretofore been withdrawn by the agreement and consent of the parties, so that appellants now find themselves in the position on this appeal of complaining about something in the doing of which they had in effect acquiesced. Nor, so far as their present rights are concerned, have appellants been in anywise harmed by the granting of the permanent injunction, because the injunction itself specifically provides that it is not to affect the judgment as corrected, nor is it to be construed as enjoining and restraining appellants from proceeding to enforce said judgment by virtue of any special execution that may hereinafter be sued out upon it as corrected. It follows, therefore, that so far as the issues raised in this case are concerned, there has been no actual and practical restraint imposed by the court

upon appellants, and so there is nothing before this court to be determined.

In this view of the case the judgment rendered by the court below should be affirmed. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.